**B. Scott Whipple** OSB #983750
swhipple@whippleduyck.com
Whipple & Duyck, P.C.
1500 S.W. 1st Avenue, Suite 1170
Portland, OR 97201
Tel:    503-222-6004

**Stephen Swedlow** ISB #6234550 (*pro hac vice forthcoming*)
stephenswedlow@quinnemanuel.com
**Michelle Schmit** ISB #6313919 (*pro hac vice forthcoming*)
michelleschmit@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
500 W. Madison St., Suite 2450
Chicago, IL 60661
Tel:    312-705-7400

*Counsel for Serge Matta, Magid M. Abraham, Gian M. Fulgoni, Russell Fradin, William J. Henderson, William Katz, Ronald J. Korn, and Joan Lewis*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **IRA S. NATHAN**, as Trustee for the Ira S. Nathan Revocable Trust, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **SERGE MATTA, MELVIN WESLEY III, MAGID M. ABRAHAM, GIAN M. FULGONI, RUSSELL FRADIN, WILLIAM J. HENDERSON, WILLIAM KATZ, RONALD J. KORN, JOAN LEWIS,** and **ERNST & YOUNG LLP**, <br><br> Defendants. | Case No. 3:16-cv-02127 <br><br> NOTICE OF REMOVAL <br> Federal Securities Action <br> (28 U.S.C. §§ 1331, 1441) <br><br> Demand for Jury Trial |

1 - DEFENDANTS' NOTICE OF REMOVAL

Defendants Serge Matta, Magid M. Abraham, Gian M. Fulgoni, Russell Fradin, William J. Henderson, William Katz, Ronald J. Korn, and Joan Lewis (collectively, "Defendants"), by their undersigned attorney, hereby give notice of removal of this action, pursuant to 28 U.S.C. §§ 1331 and 1441, to the United States District Court for the District of Oregon, Portland Division. As grounds for removal, Defendants state as follows:

## BACKGROUND

1.  On or about October 3, 2016, Plaintiff filed this class action lawsuit against Defendants in the Circuit Court for the State of Oregon, County of Multnomah, alleging violations of Section 11 of the Securities Act of 1933 ("Securities Act"). *See generally* Compl. (attached hereto as Exhibit 1). Plaintiff has alleged that comScore's registration statement on Form S-4 (declared effective on December 23, 2015) contained untrue statements because it allegedly incorporated inaccurate financial information from comScore's audited consolidated financial statements.

2.  Seven months earlier on March 10, 2016, a substantially similar federal case arising from the same core set of alleged facts was filed in the Southern District of New York. *See Sommer v. comScore, Inc., et. al.*, Case No. 1:16-cv-01820 (JGK). On October 18, 2016, the *Sommer* complaint was amended to include a cause of action for violations of Section 11 of the Securities Act concerning the very same registration statement. For the convenience of and fairness to those defendants who presently face the burden of having to litigate the exact same issues at the exact same time on opposite coasts of the United States, among other reasons, Defendants seek to remove this case for the purpose of transferring the action to the Southern District of New York.

2 - DEFENDANTS' NOTICE OF REMOVAL

## GROUNDS FOR REMOVAL

3.  "The defendants" in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may remove the action "to the district court of the United States for the district and division embracing the place where such action is pending" unless "otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a).

4.  Plaintiff's sole claim arises under the Securities Act. Compl. ¶¶ 36–38. Accordingly, this Court has original jurisdiction to adjudicate Plaintiff's case. 28 U.S.C. § 1331; 15 U.S.C. § 77v(a) ("[t]he district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter").

5.  Moreover, no act of Congress has deprived this Court of jurisdiction. 28 U.S.C. § 1441(a). In 1995, Congress enacted the Private Securities Litigation Reform Act ("PSLRA"), granting federal courts and state courts concurrent jurisdiction over actions brought under the Securities Act. Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737. In response, to avoid the PSLRA's restrictions, plaintiffs began filing class actions in state court. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 81–82 (2006). In 1998, Congress recognized that while PSLRA "was designed to help end abuses in Federal securities class actions, these reforms [had] been subverted through the use of State courts, undermining the potential benefits to investors, consumers, workers, and the overall economy." 144 Cong. Rec. H6064 (daily ed. July 21, 1998) (statement of Rep. Davis). To solve this problem, Congress enacted the Securities Litigation Uniform Standards Act ("SLUSA"), allowing defendants to remove "covered class actions" – i.e., securities class actions on behalf of 50 people or more seeking damages – to federal court. Securities Litigation Uniform Standards Act of 1998, Pub. L. 105-353, 112 Stat 3227. In addition, SLUSA "expressly eliminated state courts' concurrent

jurisdiction over covered class actions arising under the Securities Act . . . ." *Iron Workers Dist. Council of New England Pension Fund v. MoneyGram Int'l, Inc.*, No. CV 15-402-LPS, 2016 WL 4585975, at *4 (D. Del. Sept. 2, 2016).

6.  This action is removable based on the provisions of SLUSA. 15 U.S.C. § 77v(a). Many courts across the country have recognized that cases alleging only Securities Act violations may be removed to federal court under SLUSA. *See, e.g.*, *Gaynor v. Miller*, No. 3:15-CV-545-TAV-CCS, 2016 WL 6078340, at *8 (E.D. Tenn. Sept. 8, 2016) (denying motion to remand); *MoneyGram Int'l, Inc.*, No. CV 15-402-LPS, 2016 WL 4585975, at *4; *Hung v. Idreamsky Tech. Ltd.*, No. 15-CV-2514, 2016 WL 299034, at *4 (S.D.N.Y. Jan. 25, 2016); *Northumberland Cty. Ret. Sys. v. GMX Res.*, 810 F. Supp. 2d 1282, 1287-88 (W.D. Okla. 2011); *In re Fannie Mae 2008 Sec. Litig.*, No. 08 CIV. 7831 (PAC), 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 423 (S.D.N.Y. 2009); *Pinto v. Vonage Holdings Corp.*, No. CIV.A.07-0062 FLW, 2007 WL 1381746, at *2 (D.N.J. May 7, 2007); *Rubin v. Pixelplus Co.*, No. 06-CV-2964 (ERK), 2007 WL 778485, at *4 (E.D.N.Y. Mar. 13, 2007); *Rovner v. Vonage Holdings Corp.*, No. CIV.A. 07-178 (FLW), 2007 WL 446658, at *3-4 (D.N.J. Feb. 7, 2007); *Lowinger v. Johnston*, No. 3:05-CV-316-H, 2005 WL 2592229, at *4 (W.D.N.C. Oct. 13, 2005); *In re King Pharm., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004); *Alkow v. TXU Corp.*, No. 3:02-CV-2738-K, 2003 WL 21056750, at *2 (N.D. Tex. May 8, 2003).

7.  In reaching their conclusions, these courts have reasoned that it is contrary to the statutory text and legislative history of SLUSA—as well as simply illogical to read SLUSA—to prohibit cases based solely on federal claims from being removed. *See, e.g.*, *Lowinger v. Johnston*, No. 3:05-CV-316-H, 2005 WL 2592229, at *4 (W.D.N.C. Oct. 13, 2005) ("[T]here is no question that permitting timely removal of class actions consisting of 1933 Act claims is

consistent with Congress' express intention 'to make Federal court *the exclusive venue* for securities fraud class action litigation'") (quoting H.R. Rep. No. 105-640, at 10 (1998)); *In re King Pharm., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004) ("Both the legislative history and common sense support the removability of class actions filed in state court asserting claims exclusively under the 1933 Act.").

8. Other courts have held that, in order to be removed under the SLUSA exception, an action must include at least one state law claim. *See, e.g., Rivera v. Fitbit, Inc.*, No. 16-CV-02890-SI, 2016 WL 4013504, at *3 (N.D. Cal. July 27, 2016); *Iron Workers Mid-South Pension Fund v. Terraform Global, Inc.*, Case No. 15-cv-6328-BLF, 2016 WL 827374, at * 4 (N.D. Ca. Mar. 3, 2016) (collecting cases); *Pac. Inv. Mgmt. Co. v. Am. Int'l Grp., Inc.*, No. SA CV 15-0687-DOC, 2015 WL 3631833, at *7 (C.D. Cal. June 10, 2015); *W. Palm Beach Police Pension Fund v. Cardionet, Inc.*, No. 10-CV-711-L NLS, 2011 WL 1099815, at *2 (S.D. Cal. Mar. 24, 2011). But even in reaching this conclusion, these courts sometimes recognize the illogic in allowing cases with state law claims into federal court while relegating exclusively federal claims to state court. *See W. Virginia Laborers Trust Fund v. STEC Inc.*, No. SACV 11-01171-JVS, 2011 WL 6156945, at *3 (C.D. Cal. Oct. 7, 2011) (observing that a rule limiting removal "may produce strange results whereby class actions based on state law are removable, while class actions based on the Securities Act are not removable.").

9. Neither this Court nor the Ninth Circuit has ruled on whether an action based exclusively on federal securities law is removable under SLUSA. For instance, Plaintiff relies on *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1032 (9th Cir. 2008) in its complaint, but that case is distinguishable. In *Luther*, the Ninth Circuit barred removal of a case under the Class Action Fairness Act, but did not address the SLUSA exception because the

5 - DEFENDANTS' NOTICE OF REMOVAL

parties agreed SLUSA did not apply because the case did not involve "covered securities." *Luther*, 533 F.3d at 1033 n. 1. By contrast, the securities at issue here are undeniably covered securities under SLUSA. *See* 15 U.S.C. § 77r(b)(1)(A) (defining covered security as, among other things, a security "listed, or authorized for listing, on the New York Stock Exchange."); *see also id.* § 77p(f)(3) (defining "covered security" under SLUSA with reference to 15 U.S.C. § 77r). Moreover, *Luther* did not decide whether federal courts have exclusive jurisdiction under 15 U.S.C. § 77v(a) over covered class actions brought pursuant to the Securities Act. *See* 15 U.S.C. § 77v(a) (stating that "district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability . . . .") (emphasis added).

## COMPLIANCE WITH REMOVAL STATUTE

10. This Notice of Removal is properly filed in the United States District Court for the District of Oregon, Portland Division because the Circuit Court for the State of Oregon, County of Multnomah is located in this federal judicial district. *See* 28 U.S.C. § 1441(a); Local Rule 3-2(a)(1), (b).

11. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

/ / /

/ / /

/ / /

12. The underlying action was filed on or about October 3, 2016 and Defendants Serge Matta, Magid M. Abraham, Gian M. Fulgoni, Russell Fradin, William J. Henderson, Ronald J. Korn, and Joan Lewis accepted service on or about October 6, 2016. Defendants Melvin Wesley III and William Katz accepted service on or about October 11, 2016. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service.

13. This Notice of Removal is consented to by all Defendants. 28 U.S.C. § 1446(b); *e.g.*, *Proctor v. Vishay Intertechnology, Inc.*, 584 F. 3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient [to effectuate removal]"). In addition, defendants Melvin Wesley III and Ernst & Young LLP will consent to removal by filing separate consent documents.

14. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants or contained within the state court docket in this action are attached as exhibits.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all parties and filed with the Clerk of the Circuit Court for the State of Oregon.

16. Defendants reserve the right to amend or supplement this Notice of Removal, and reserve all rights and defenses, including the right to challenge personal jurisdiction and any additional right available under Federal Rule of Civil Procedure 12.

/ / /

/ / /

/ / /

7 - DEFENDANTS' NOTICE OF REMOVAL

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court exercise jurisdiction over this action in order to give consideration to Defendants' forthcoming Motion to Transfer Venue. Defendants further request whatever other relief the Court deems appropriate.

Dated: November 7, 2016					WHIPPLE & DUYCK, P.C.

							Respectfully submitted,

							*s/B. Scott Whipple*
							**B. Scott Whipple** OSB #983750
							swhipple@whippleduyck.com
							Whipple & Duyck, P.C.
							1500 S.W. 1st Avenue, Suite 1170
							Portland, OR 97201
							Tel:	503-222-6004

							**Stephen Swedlow** ISB #6234550 (*pro hac vice forthcoming*)
							stephenswedlow@quinnemanuel.com
							**Michelle Schmit** ISB #6313919 (*pro hac vice forthcoming*)
							michelleschmit@quinnemanuel.com
							QUINN EMANUEL URQUHART & SULLIVAN LLP
							500 W. Madison St., Suite 2450
							Chicago, IL 60661
							Tel.:	312-705-7400

							*Counsel for Serge Matta, Magid M. Abraham, Gian M. Fulgoni, Russell Fradin, William J. Henderson, William Katz, Ronald J. Korn, and Joan Lewis*

8 - DEFENDANTS' NOTICE OF REMOVAL

# CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing DEFENDANTS' NOTICE OF REMOVAL, along with the attached exhibits, on the following parties:

| | |
|---|---|
| Jason M. Leviton<br>Joel A. Fleming<br>Block & Leviton LLP<br>155 Federal Street, Suite 400<br>Boston, MA 02110<br><br>*Lead Counsel for Plaintiff Nathan* | Timothy S. DeJong<br>Nadia H. Dahab<br>Stoll Stoll Berne Lokting & Shlachter PC<br>209 S.W. Oak Street, Suite 500<br>Portland, OR 92204<br><br>*Liaison Counsel for Plaintiff Nathan and Counsel for Plaintiff Sikorski* |

Peter B. Andrews
Craig J. Springer
David M. Sborz
Andrews and Springer LLC
3801 Kennett Pike
Building C, Suite 305
Wilmington, DE 19807

*Liaison Counsel for Plaintiff*

☑ by depositing a true and correct copy in the U.S. Mail, ordinary first class mail, addressed to each attorney's above-listed address.

DATED: November 7, 2016                Respectfully Submitted,

*s/ B. Scott Whipple*_____
B. Scott Whipple, OSB # 983750
swhipple@whippleduyck.com
WHIPPLE & DUYCK, P.C.
1500 SW First Avenue, Suite #1170
Portland, OR 97201
Phone: 503-222-6004

Stephen A. Swedlow, ISB # 6234550
stephenswedlow@quinnemanual.com
Michelle R. Schmit, ISB # 6313919
michelleschmit@quinnemanual.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 W. Madison Street, Suite 2450

Page 1    CERTIFICATE OF SERVICE

WHIPPLE & DUYCK, P.C.
Attorneys at Law
1500 SW First Ave., Suite 1170
Portland, OR 97201
503.222.6004
503.222.6191

04692-00002/8524854.1

Chicago, IL 60661-2510
Phone: 312-705-7400

Page 2     CERTIFICATE OF SERVICE

WHIPPLE & DUYCK, P.C.
Attorneys at Law
1500 SW First Ave., Suite 1170
Portland, OR 97201
503.222.6004
503.222.6191

04692-00002/8524854.1